IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:11 cv 2293 26 EAJ

JAMES and SHERRY WOOD,

    Plaintiffs,

v.

WELTMAN, WEINBERG & REIS CO.,
LPA and LVNV FUNDING, LLC,

    Defendants.
_____/

## NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and where Defendants transact business in this district.

## PARTIES

4.     Plaintiffs, JAMES and SHERRY WOOD ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Florida, County of Pasco, and City of Hudson.

5.     Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, WELTMAN, WEINBERG & REIS CO., LPA ("Defendant Weltman"), is a professional association who at all relevant times was engaged, by use of the

mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5).

7. Defendant Weltman is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, LVNV FUNDING, LLC ("LVNV"), is a limited liability company who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiffs.

9. Defendant LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

11. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Defendant Weltman uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. LVNV purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

14. LVNV acquired Plaintiffs' debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

15. LVNV is thoroughly enmeshed in the debt collection business, and LVNV is a significant participant in Defendant Weltman's debt collection process.

16. In connection with collection of an alleged debt in default, Defendant Weltman, itself and on behalf of LVNV, called Plaintiffs' cellular telephone on June 30, 2011, at 11:31 A.M., and at such time Defendant Weltman left a voicemail message in which Defendant Weltman failed to disclose the caller's individual identity and failed to disclose Defendant Weltman's true corporate or business name to Plaintiffs.

17. Defendant Weltman's voicemail message of June 30, 2011 further failed to notify Plaintiffs that the communication was from a debt collector.

## COUNT I
## VIOLATION OF 15 U.S.C. §1692d(6)
## AGAINST DEFENDANT WELTMAN

18. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 17.

19. Defendant Weltman violated 15 U.S.C. § 1692d(6) by failing to disclose the caller's individual identity in a telephone call to Plaintiffs and failing to disclose Defendant Weltman's true corporate or business name in a telephone call to Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

   b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. §1692e(11)
## AGAINST DEFENDANT WELTMAN

20. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 17.

21. Defendant Weltman violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiffs during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. §1692d(6)
## AGAINST DEFENDANT LVNV

22. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 17.

23. Defendant, LVNV, violated 15 U.S.C. § 1692d(6) by failing to disclose the caller's individual identity in a telephone call to Plaintiffs and failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. §1692e(11)
## AGAINST DEFENDANT LVNV

24. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 17.

25. Defendant, LVNV, violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiffs during each collection contact that the communication was from a debt collector. (15 U.S.C. § 1692e(11)).

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

g) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

a) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

b) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

c) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

### TRIAL BY JURY

26. Plaintiffs are entitled to and hereby demand a trial by jury.

Respectfully submitted this 6th day of October, 2011.

Respectfully submitted,
**JAMES AND SHERRY WOOD**

By: _____
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com